IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN BAUER, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| PROFESSIONAL CHOICE RECOVERY, JAMES CADA, EDWARD HOFFMAN, LINDA JEWSON AND UKNOWN TELEPHONE DEBT COLLECTOR AND UNKNOWN HALLWAY DEBT COLLECTOR, | |
| Defendants. | |

COMES NOW the Plaintiff, AUSTIN BAUER, by and through his undersigned attorney, and for his action against the Defendant states as follows:

## I.    INTRODUCTION

1.    This Complaint is filed and these proceedings are instituted under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p (2012), and the Nebraska Consumer Protection Act, Neb. Rev. Stat. §§ 59-1601 to -1622 (2016), to recover actual and statutory damages, reasonable attorney's fees, and costs of suit due to Defendants' violations, which all occurred within one year prior to the filing date of this Complaint.    Additionally, this action seeks declaratory relief and injunctive relief from future violations.    This Complaint includes a state claim for abuse of process.

## II.     JURISDICTION

2.     This Court's jurisdiction arises under 15 U.S.C. § 1692k(d) (2012); 28 U.S.C. § 1337 (2012).

3.     Declaratory relief is available pursuant to 28 U.S.C. § 2201 (2012).

4.     Injunctive relief is available pursuant to Fed. R. Civ. P. 65.

## III.     VENUE

5.     Venue in this District is proper because the Defendants transact business within the District and the conduct complained of occurred in the District.

## IV.     PARTIES

6.     Plaintiff, Austin Bauer, is a consumer as defined in 15 U.S.C. § 1692a(3) and is a resident of Lancaster County, Nebraska at all relevant times herein.

7.     On information and belief, Defendant Professional Choice Recovery, Inc. (PCR) is a Nebraska corporation.  PCR is a debt collector as defined in 15 U.S.C. § 1692a(6).  PCR attempted to collect a debt, as defined in 15 U.S.C. § 1692a(5), from the Plaintiff in Nebraska.

8.     Defendants James Cada, Edward Hoffman, Linda Jewson, Unknown Telephone Debt Collector, and Unknown Hallway Debt Collector are agents and/or employees of PCR.  PCR is responsible for the acts of its employees and agents.

9.     Defendants James Cada, Edward Hoffman, Linda Jewson regularly engage in the business of collecting debts in the State of Nebraska and represent PCR in the underlying debt collection action.

10.     On information and belief, Defendants Unknown Telephone Debt Collector and Unknown Hallway Debt Collector are both debt collectors in Nebraska, as defined in 15 U.S.C.

§ 1692a(6), and are employees of Defendant PCR at all relevant times herein.  Defendants Unknown Telephone Debt Collector and Unknown Hallway Debt Collector attempted to collect a debt, as defined in 15 U.S.C. § 1692a(5), from Plaintiff, a consumer, on behalf of a third party. All collection activities by Unknown Telephone Debt Collector and Unknown Hallway Debt Collector against Plaintiff are also the acts of Defendant PCR because they are all debt collectors.

### V.    FACTUAL ALLEGATIONS

11.    On or about April 19, 2016, Defendants PCR, Cada, Hoffman, and Jewson filed a complaint on behalf of PCR in the Lancaster County Court, Case No. CI 16-3965, against Plaintiff for alleged debt on an account.

12.    On or about April 24, 2016, Greiner Process Service personally served the Plaintiff with said complaint.

13.    On or about May 26, 2016, Defendants PCR, by and through its attorneys, filed a Motion for Default Judgment against the Plaintiff.  On May 31, 2016 the Lancaster County Court entered a default judgment against the Plaintiff in the amount of $2,879.00, court costs in the amount of $61.00, judgment attorney fees in the amount of $292.00, with the default judgment and attorney fees incurring interest at a rate of 2.3910%.

14.    On May 31, 2016, the Lancaster County Court sent a Notice of Default Judgment Postcard to the Plaintiff which included the judgment amounts.

15.    On or about June 2, 2016, on behalf of PCR, Defendants Cada, Hoffman and Jewson filed a Motion for Judgment Debtor Examination pursuant to Neb. Rev. Stat. § 25-1565 and the Lancaster County Court issued an Order for Plaintiff to "appear in: LANCASTER COUNTY COURT 575 South 10th Street 2nd Floor Lincoln, NE 68508- in courtroom 21 on 7/22/2016 at 08:30 AM."  The Order for Hearing included the instruction "Judgment Debtor to

give testimony under oath regarding property subject to execution" and warned that "[f]ailure to appear may result in a warrant being issued for the judgment debtor's arrest." A copy of said Order is attached and incorporated herein.

16.     After being served with the Order for Hearing on June 7, 2016, Plaintiff called Cada Law Offices and the individual who answered the telephone referred the Plaintiff to another number, which was a telephone number for PCR.

17.     On June 7, 2016, Plaintiff called PCR and spoke to an Unidentified Telephone Debt Collector. Plaintiff and Unknown Telephone Debt Collector discussed the judgment amount and the possibility of a payment. Plaintiff stated to the Unknown Telephone Debt Collector that he was a student and that his only income was from student aid, and that he did not have any assets other than his clothes and bicycle. Plaintiff asked if PCR needed any more information from him and the Unknown Telephone Debt Collector stated, "no." The Unknown Telephone Debt Collector proposed a monthly payment of $30 a month and a $1200 lump sum payment from his Fall 2016 Financial Aid and then $30 a month on the remaining balance after the lump sum payment. After providing his income and asset information, Plaintiff asked if he still needed to attend the July 22, 2016 hearing the Unknown Telephone Debt Collector said "yes." Plaintiff stated that he could not afford to pay that amount and ended the telephone call.

18.     On July 22, 2016, Plaintiff went to the Lancaster County Court, located at 575 South 10th Street and stood outside courtroom number 21, at approximately 8:00 AM.

19.     Plaintiff noticed a group of individuals gathered around Unknown Hallway Debt Collector and he joined the group.

20.     Unknown Hallway Debt Collector asked the Plaintiff, "Are you here for court?" and when Plaintiff answered affirmatively, she checked Plaintiff's name from a list of names on a

clipboard and asked him a series of questions which included his income and assets. Unknown Hallway Debt Collector did not identify herself by name or that she was an employee of PCR, but Plaintiff reasonably believed this to be the case.

21.     At the July 22, 2016 hearing, Plaintiff stated that he is a full-time student and that he does not work. Unknown Hallway Debt Collector asked Plaintiff how he paid his living expenses and Plaintiff explained that the only income he received was from state and federal student aid. Unknown Hallway Debt Collector asked Plaintiff what he used for transportation and Plaintiff stated that he rode a bicycle and had no other assets other than his clothing. Unknown Hallway Debt Collector asked him where he banked and Plaintiff responded that he banked at Union Bank and Trust in Lincoln, Nebraska which is where his financial aid was deposited.

22.     Unknown Hallway Debt Collector told Plaintiff that he did not need to appear in the courtroom, so Plaintiff left the courthouse.

23.     On July 22, 2016, Lancaster County Court Judge Thomas Zimmerman signed a journal entry and order indicating that "Defendant(s) was/were questioned and released." A copy of said Order is attached and incorporated herein.

24.     Plaintiff never entered the courtroom on July 22, 2016, was never sworn in under oath, and never saw the judge or verified his attendance at the Debtor's Examination to anyone other than the Unidentified Hallway Debt Collector, who is reasonably believed to be an employee of PCR.

25.     Plaintiff is low-income, was not represented by counsel at the Debtor's Examination proceeding on July 22, 2016, and is unfamiliar with the laws concerning debt collection and Debtor's Exams.

26.     On August 4, 2016, Defendants PCR, by and through its attorneys, Cada, Hoffman,

and Jewson, filed an Affidavit and Praecipe for Garnishment Summons.

27.     On August 15, 2016, Union Bank, in accordance with said garnishment order, froze the Plaintiff's checking account, charged the Plaintiff a $50.00 processing fee, and sent the remaining balance of $103.79 to the Lancaster County Court to satisfy the judgment of Defendant PCR.

28.     The only funds in Plaintiff's bank account at the time of garnishment were from an educational grant.

29.     FDCPA, 15 U.S.C. § 1692d (2012) provides: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

30.     FDCPA, 15 U.S.C. § 1692e (2012) provides: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31.     FDCPA, 15 U.S.C. § 1692f (2012) provides: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

32.     20 U.S.C. § 1095d (2012) provides: "[N]o grant, loan, or work assistance awarded under this subchapter and part C of subchapter I of chapter 34 of title 42, or property traceable to such assistance, shall be subject to garnishment or attachment in order to satisfy any debt owed by the student awarded such assistance."

## VI.     FIRST CLAIM FOR RELIEF
### (FDCPA)

33.     All facts and allegations of this Complaint are incorporated herein by reference.

34.     After the entry of a judgment, Nebraska law allows a judgment creditor to obtain "an order from the county court . . . requiring the debtor to appear and answer concerning his or

her property before the judge of such court or a referee appointed by the judge of such court at a time and place specified in the order", Neb. Rev. Stat. § 25-1565, and further requires "all examinations and answers before a judge or referee . . . must be on oath," Neb. Rev. Stat. § 25-1571.

35.     A process server served the Plaintiff with the Order for Debtor's Examination.  The Order stated that Plaintiff was to appear for a hearing to give testimony under oath regarding property subject to execution, and the Order stated that "failure to appear may result in a warrant being issued for the judgment debtor's arrest."

36.     Plaintiff provided Unknown Telephone Debt Collector with all information required by the Debtor's Examination, but despite providing this information, PCR proceeded with the Debtor's Examination, which the Unknown Telephone Debt Collector had reason to believe consisted of a quasi-legal proceeding involving a hallway interview by a PCR debt collector, not a licensed attorney.

37.     Plaintiff went to the courthouse at the date and time ordered, however, none of the Defendants questioned the Plaintiff under oath before a judge or referee at the debtor's examination hearing, as required by statute.

38.     Defendant used a debt collector, not licensed to practice law, to question the Plaintiff in the hallway outside the courtroom.

39.     Defendant PCR, its attorneys, and its Unknown Debt Collectors did not intend to question the Plaintiff under oath before a judge or referee as required by Neb. Rev. Stat. §§ 25-1565, -1571 (2016).

40.     Defendants' actions of questioning the Plaintiff under the guise that a court hearing before a judge will take place and the threat of requesting an arrest warrant if he failed to appear

for a debtor's exam, and Defendants' failure to conduct the examination before a judge with the Plaintiff under oath as required by Neb. Rev. Stat. §§ 25-1565, 25-1571 (2016), has the consequence of harassing, oppressing, or abusing the Plaintiff in connection with collecting the debt.

41.      As a result of the Defendants' actions, the consequence of which was to harass, oppress or abuse the Plaintiff, Defendant garnished Plaintiff's exempt property to satisfy the judgment, and Defendant knew or should have known the property garnished was exempt.

42.      By its actions, Defendant PCR violated 15 U.S.C. § 1692d.

43.      As a direct and proximate result of the Defendant's violations alleged above, the Plaintiff suffered damages and the Plaintiff is entitled to recover actual damages and statutory damages of up to $1,000.00 per violation. 15 U.S.C. § 1692k (2012).

44.      Pursuant to 15 U.S.C. § 1692k(3) (2012), as a result of Defendant's violations of FDCPA, Plaintiff is entitled to recover attorney's fees and the costs of bringing this action.

## VII.   SECOND CLAIM FOR RELIEF
## (DECLARATORY JUDGMENT)

45.      All facts and allegations of this Complaint are incorporated herein by reference.

46.      Defendant did not question the Plaintiff under oath before a judge or referee at the debtor's exam hearing, as required by statute.

47.      Defendant, using Unknown Hallway Debt Collector, not licensed to practice law, questioned Plaintiff in the courthouse hallway.

48.      Defendant PCR is in the business of debt collection and employs attorneys who are both familiar with and in the practice of debt collection. Plaintiff is a low-income, unrepresented individual unfamiliar with the business and practice of collecting debts and court proceedings used for post-judgment collection activities.

49.     Defendants' business practice includes obtaining orders for debtors to appear at debtor's exams under threat of an arrest warrant being issued if the debtor fails to appear; having a debt collector stand in hallway outside of the courtroom calling debtors names before they enter the courtroom; questioning debtors in the hallway by a legal assistant about their assets, debts, income and where they bank; recording their answers on paper; and informing debtors after the "hallway examination" that they can go home without going into the courtroom.

50.     Plaintiff, due to his lack of knowledge about the court process and intimidation of being ordered to court under threat of an arrest warrant, did not know that the proceedings should have been under oath before a judge.

51.     Defendant PCR's failure to follow the law in its practice of questioning debtors, including Plaintiff, informally in the courthouse hallway resulted in the garnishment of Plaintiff's exempt assets.

52.     Plaintiff indicated to Defendant Unknown Telephone Debt Collector and Unknown Hallway Debt Collector that he was indigent and his assets were limited in value, including student financial aid which made up the entirety of what was deposited in his Union Bank and Trust account.

53.     Defendant PCR and its attorneys, based on their knowledge and extensive business practice of debt collection, knew or should have known Plaintiff's assets, including his bank account, were exempt from garnishment and execution.

54.     Defendant PCR, by and through its attorneys, garnished Plaintiff's bank account shortly after the debtor's examination took place, and it knew or should have known Plaintiff's bank account contained only exempt funds, contrary to state and federal law.

55. Defendant's practice of questioning Plaintiff by an unlicensed legal assistant under threat of requesting an arrest warrant if he failed to appear for a debtor's exam, and Defendant's failure to conduct the hearing before a judge with the Plaintiff under oath as required by law, is contrary to law.

56. Defendant's actions denied Plaintiff of his needed personal property and money necessary for living expenses.

## VIII. THIRD CLAIM OF RELIEF
### (INJUNCTION AGAINST PCR)

57. All facts and allegations of this Complaint are incorporated herein by reference.

58. Plaintiff will suffer immediate and irreparable harm if PCR is not enjoined from performing the above-cited unlawful acts.

59. Plaintiff has no adequate remedy at law as he may be subject to the same actions of the Defendant in the future.

60. Defendant's adoption, use and enforcement of actions beyond the statutory law for executions and debtor's exams have threatened to deny Plaintiff of his needed personal property and money for living expenses.

61. Plaintiff, by and through his counsel, moves this Court, pursuant to Fed. R. Civ. P. 65; Neb. Rev. Stat. § 25-1062 to -1080 for a Permanent Injunction commanding PCR to refrain from the following:

      a. Scheduling a Debtor's Examination pursuant to Neb. Rev. Stat. § 25-1565 without reason to believe that there has been a material change in the Plaintiff's circumstances;

      b. Garnishing Plaintiff's bank account or other assets without an evidentiary hearing demonstrating a material change in the Plaintiff's circumstances;

c.       Conducting any debtor's exams in the hallway by an attorney or debt collector, without the Plaintiff being intercepted by Defendant before going into the courtroom, without being placed under oath by a judge or referee, and without having the opportunity for the debtor's exam to be conducted before a judge or referee as required by Neb. Rev. Stat. § 25-1565.

d.       Garnishing or executing on funds or property that Defendant knows or has reason to believe are exempt from garnishment or execution.

62.     Enter an Order that Defendant immediately return to Plaintiff the exempt funds garnished from Plaintiff's Union Bank and Trust bank account on or about August 15, 2016 and pay the bank garnishment fee.

63.     Plaintiff will suffer immediate and irreparable harm if Defendant is not enjoined from performing the above cited acts.

## IX.     FOURTH CLAIM OF RELIEF
## (ABUSE OF PROCESS)

64.     All facts and allegations of this Complaint are incorporated herein by reference.

65.     Neb. Rev. Stat. § 25-1565 allows creditors to discover property of debtors by "requiring debtor to appear and answer concerning his or her property before the judge of such court or a referee appointed by the judge of such court at a time and place specified in the order," but the process followed by the Defendants to obtain asset and income information did not occur before a judge or referee of the court, but rather before the employee of a collection agency in the hallway outside the courtroom specified in the order.

66.     The legal process was used in an improper manner and for the impermissible purpose of attempting to obtain exempt assets, coercing Plaintiff into entering into a repayment plan, obtaining banking and employment information, and eventually executing on assets that the

Defendant knew or had reason to believe were exempt from collection.

## X.   RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendants for the following:

**ON PLAINTIFF'S FIRST CLAIM:**

1. Enter an Order that Defendant violated the FDCPA;

2. Award Plaintiff actual damages;

3. Award Plaintiff statutory damages pursuant to 15 U.S.C. §1692k;

4. Award Plaintiff costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(3);

5. Pre-judgment and post-judgment interest, as allowed by law; and

6. Grant such further relief as the Court deems necessary and proper.

**ON PLAINTIFF'S SECOND CLAIM:**

1. Enter a declaratory judgment that Defendant's adoption, use and enforcement of actions beyond the statutory law concerning executions and debtor's exams have denied Plaintiff of his needed personal property and money for living expenses; and

2. Enter a declaratory judgment that Defendants must cease and desist in these illegal actions when conducting debtor's examinations and processing executions as required by law; and

3. Grant such further relief as the Court deems necessary and proper.

**ON PLAINTIFF'S THIRD CLAIM:**

1. Enter a permanent injunction ordering Defendant to immediately cease and desist from conducting debtor's exams contrary to statutory law and garnishing or executing upon Plaintiff's exempt property, to wit:

A.    Enter a permanent injunction, ordering Defendants to immediately cease and desist from utilizing unlicensed legal personnel to conduct debtor's examinations in the hallway of the court house as required by Neb. Rev. Stat. § 25-1565.

B.    Enter a permanent injunction, ordering Defendants to immediately cease and desist from garnishing or executing on funds that they know or have reason to believe are exempt from garnishment.

C.    Enter a permanent injunction, ordering Defendant not to schedule a Debtor's Examination pursuant to Neb. Rev. Stat. § 25-1565 without reason to believe that there has been a material change in the Plaintiff's circumstances; and

D.    Enter a permanent injunction, ordering Defendant not to garnish Plaintiff's bank account or other assets without an evidentiary hearing demonstrating a material change in the Plaintiff's circumstances.

2.    Enter and order that Defendant immediately return to Plaintiff the exempt funds garnished from Plaintiff's Union Bank and Trust bank account.

3.    Other such relief as the Court deems necessary and proper.

**ON PLAINTIFF'S FOURTH CLAIM:**

1.    Enter an Order that Defendant used a legal process in an improper manner for an inappropriate person to attempt to execute on a debt;

2.    Award damages for abuse of process; and

3.    Other such relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues in the above-captioned action pursuant
to F.R.C.P. Rule 38(b).

## REQUEST FOR PLACE OF TRIAL

Plaintiff hereby requests that trial of matter be heard in Lincoln, Nebraska.

DATED this 9th day of August, 2016.

> AUSTIN BAUER, Plaintiff
>
> By: _____
> Lea Wroblewski, #21099
> Jennifer Gaughan, #21768
> Katherine Owen, #22800
> Attorneys for Plaintiff
> LEGAL AID OF NEBRASKA
> 941 O Street, Suite 825
> Lincoln, NE 68508-3649
> Telephone: (402) 435-2161
> Fax: (402) 435-2171
> lwroblewski@legalaidofnebraska.org
> jgaughan@legalaidofnebraska.org

STATE OF NEBRASKA   )
                       ) ss.
COUNTY OF LANCASTER )

       The undersigned, being first duly sworn on oath, deposes and says that he is the Plaintiff herein, that he has read the above and foregoing Complaint, knows the contents thereof and that the facts contained herein are true as he believes and that he signs the same as his voluntary act and deed.

Austin Bauer

SUBSCRIBED AND SWORN to before me this _8_ day of August 2016.

Notary Public

State of Nebraska - General Notary
LEA WROBLEWSKI
My Commission Expires
January 7, 2019

Page **15** of **15**